UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| CYNTHIA SAMAHA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 1:23-cv-01070-JES-JEH |
| BRIAN BURNSIDE and NICOLE BURNSIDE, and UNKNOWN OCCUPANTS, | ) ) ) ) ) |
| Defendants. | ) |

## ORDER AND OPINION

Now before the Court is Defendant Brian Burnside's Motion to Proceed In Forma Pauperis. Doc. 2. Under 28 U.S.C. § 1915, federal courts may authorize a plaintiff to proceed with a civil action without prepayment of fees if they lack the financial resources to do so. *See* 28 U.S.C. § 1915(a)(1). However, the Court lacks subject matter jurisdiction over this state eviction proceeding so this matter is remanded and Plaintiff's motion to proceed in forma pauperis is dismissed as MOOT.

## BACKGROUND

On December 27, 2022, Cynthia Samaha ("Samaha") initiated the eviction proceeding 2022-EV-1527 against Brian Burnside ("Mr. Burnside") and Nicole Burnside in the Circuit Court of the Tenth Judicial Circuit of Illinois in Peoria County, Illinois. Doc. 1. at pg. 6-9. She seeks possession of the premises and payment of more than $5,400 in unpaid rent. On February 22, 2023, Mr. Burnside filed a Notice (Doc. 1) of Removal to Federal Court attempting to remove the eviction proceeding. On February 23, 2023, Mr. Burnside filed a Motion (Doc. 2) for Leave to Proceed in forma pauperis. Mr. Burnside alleges that he is "not a U.S. citizen" and is "an Inidgenous Moor/Muur American State National Illinois Republic." Doc. 1.

1

## DISCUSSION

The Court has an independent duty to ensure that it has subject matter jurisdiction. *Dexia Credit Loc. v. Rogan*, 602 F.3d 879, 883 (7th Cir. 2010). When a case is filed in state court and removed to federal court, the party seeking removal "bears the burden of establishing federal jurisdiction". *Tri-State Water Treatment, Inc. v. Bauer*, 845 F.3d 350, 352 (7th Cir. 2017). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded" to the state court it originated in. 28 U.S.C. § 1447(c).

If the district court would not have had original jurisdiction over a civil action if it had been originally filed in federal court, the action is not removable from state court. 28 U.S.C. §1441. The removal statute is construed narrowly and doubts in favor concerning removal are resolved in favor of remand. *See Doe. v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993). One category of removable cases are those cases concerning a federal question, those cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. §1331. Removal based on federal question jurisdiction follows the well-pleaded complaint rule, which requires that the plaintiff's complaint itself raise issues of federal law. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987).

There is also a limited category of removable civil rights cases under 28 U.S.C. §1443. This statute authorizes the removal of civil or criminal cases (1) "against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;" and for (2) "any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law." 28 U.S.C. §1443. The Supreme Court has "interpreted the statute to apply only if the right alleged arises

under a federal law providing for civil rights based on race and the petitioner must show that he cannot enforce the federal right due to some formal expression of state law." *State v. Haws*, 131 F.3d 1205, 1209 (7th Cir. 1997) (citing *Georgia v. Rachel*, 384 U.S. 780, 786 (1966)).

Mr. Burnside argues that removal of the eviction proceedings is proper because he alleges he is being denied his right to a fair trial, trial by jury, due process under the Fifth, Sixth, and Seventh Amendments to the Constitution as well as other rights. He further claims that the case is removable based on "contested personal and subject matter jurisdiction" as he alleges he is a foreign state. These arguments fail under both federal question jurisdiction and §1443 and so removal is improper and the case must be remanded.

Under the well-pleaded complaint rule, there is no federal question raised by the complaint filed by Samaha. It is a standard eviction complaint seeking possession of the premises under Illinois's Forcible Entry and Detainer Act, 735 ILCS 5/9-101, *et seq.*, and payment of unpaid rent. Doc. 1. It involves purely state law claims arising under Illinois property and contract law. Any federal questions about the constitutionality of the procedures in the eviction proceeding can arise at most as defenses and not from the complaint itself. Therefore, this Court lacks federal question jurisdiction over this case.

Under the two-prong test for §1443 removal, Mr. Burnside cannot meet the first prong. The rights to an impartial trial by a jury and due process under the Fifth, Sixth, and Seventh Amendments do not arise from a federal law providing for civil rights based on race. The allegation that a case "will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination[] will not suffice." *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975). The rights alleged by Mr. Burnside are just

such generally applicable constitutional provisions. Therefore, this Court lacks removal jurisdiction based on §1443.

As this Court lacks subject matter jurisdiction over this case, it must be remanded to the court from which it came.

Sanctions

Brian Burnside is a frequent pro se litigant in the Central District of Illinois. He has filed five civil cases[1] in the past two years that were dismissed as frivolous and has repeatedly attempted to remove various state criminal cases[2] to federal court. These frivolous filings include repeated allegations that Mr. Burnside is an "American State National", a foreign state, or an "Indigenous Moor" and therefore cannot be sued in state court; the Court has warned Mr. Burnside that these sovereign-citizen type theories are legally invalid and sanctionable. *See e.g. United States v. Schneider*, 910 F.2d 569, 1570 (7th Cir. 1990) (holding that sovereign citizen arguments have "no conceivable validity in American law."); *United States v. Benabe*, 910 F.3d 753, 767 (7th Cir. 2011) (sovereign citizen "theories should be rejected summarily, however they are presented."). He has consistently failed to follow court instructions and been warned that he may be sanctioned.

Mr. Burnside has ignored these warnings and continued his abuse of the judicial system by continuing to file frivolous pleadings, despite the Court's admonitions. The Court finds monetary sanctions necessary and appropriate to deter this misuse of scarce judicial resources and hereby sanctions him in the amount of $1,000 and bars him from filing civil suits in this District until this fine is paid. *See Support Sys. Int'l v. Mack*, 45 F.3d 185 (7th Cir. 1995).

---

[1] See 21-CV-1294, 22-CV-1126, 22-CV-1218, 22-CV-1222, 22-CV-1223.
[2] See 22-cv-1130 (frivolously attempting to remove a state criminal case for fleeing and eluding), 22-cv-1131 (frivolously attempting to remove a state criminal case for aggravated battery), 23-cv-1071 (attempting to remove the same aggravated battery case).

**Conclusion**

For all these reasons, this case is REMANDED to the Circuit Court of Peoria County, Tenth Judicial Circuit. Defendant's Motion (Doc. 2) for Leave to Proceed in forma pauperis is DENIED as moot. The clerk is directed to close this case and mail a copy of this order to the Peoria County Circuit Clerk.

Brian Burnside is sanctioned in the amount of $1,000, payable to the Clerk of the Court and barred from filing civil suits in this District and barred from filing civil suits in this District in accordance with *Support Sys. Intl v. Mack*, 45 F.3d 185 (7th Cir. 1995). Unless and until that sanction is paid, Plaintiff is prohibited from filing new civil cases in the Central District or filing anything in his now closed civil cases other than a notice of appeal. Any papers he submits will be returned unfiled. The filing bar imposed by this Order applies to any post-judgment motion, but not a notice of appeal, that Plaintiff might attempt to file in an existing case. *Montgomery v. Davis*, 362 F.3d 956, 958 (7th Cir. 2004). This Order will not prohibit Plaintiff from filing a petition of writ of habeas corpus or defending himself in any criminal action. This order will remain in effect until Plaintiff has paid the sanction. Plaintiff may seek a modification or recession of this order by filing a motion *no earlier* than two years from the date of entry of this Order. Plaintiff must include a copy of this Order with any papers he submits to the court while this filing restriction is in place.

The Clerk of the Court is directed to return unfiled all papers tendered by this Plaintiff until the Plaintiff has paid the $1,000 sanction or this Order is modified. Mack, 45 F.3d at 185.

Signed on this 21 day of March, 2023,

s/ James E. Shadid
James E. Shadid
United States District Judge